Rebecca A. Peterson (CA BAR 241858)
David W. Asp (*pro hac vice to be submitted*)
Scott Moriarity (*pro hac vice to be submitted*)
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Homes for Heroes, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>D&C Moore Inc. d/b/a Moore & Sons Realty,<br><br>Defendant. | Case No.: **'16CV2750 LAB NLS**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Through the undersigned counsel, plaintiff Homes for Heroes, Inc. files this complaint against defendant D&C Moore Inc. doing business as Moore & Sons Realty. On its knowledge, and on the investigation and information and belief of its counsel, Homes for Heroes avers the following:

## **PARTIES**

1. Plaintiff Homes for Heroes is a Minnesota corporation with its principal place of business at 9201 West Broadway Avenue, Suite 615, Minneapolis, MN.

2. Defendant D&C Moore is a California corporation with its principal place of business at 7670 Opportunity Road, Suite 165A, San Diego, CA. D&C Moore does business under the name Moore & Sons Realty.

## JURISDICTION AND VENUE

3. Homes for Heroes brings this action for trademark infringement under 15 U.S.C. §§ 1114 and 1125 and related claims under California law.

4. This Court has subject matter jurisdiction over the trademark infringement claims pursuant to 28 U.S.C. § 1331 because the claims arise under federal U.S. law. This Court has subject matter jurisdiction over the California claims pursuant to 28 U.S.C. § 1367 because those claims form part of the same case or controversy as the trademark infringement claim.

5. This Court has personal jurisdiction over D&C Moore because it is located in California, substantially all of its operations occur in California, and its acts at issue in this action originated and occurred in California.

6. Venue is proper in the Southern District of California under 28 U.S.C. § 1391 because a substantial part of the acts giving rise to Homes for Heroes' claims occurred in this District.

## FACTS

**A.     The HOMES FOR HEROES Marks**

7. Since its founding in 2002, Homes for Heroes has operated a real estate services program providing discounts and services for veterans, police officers, firefighters, emergency technicians, and other heroes under the trademark HOMES FOR HEROES.

8. Homes for Heroes first used the HOMES FOR HEROES mark in commerce on July 12, 2002. The U.S. Patent and Trademark Office (PTO) granted Homes for Heroes a registered trademark (No. 2904909) for the word mark HOMES FOR HEROES, for "mortgage and title brokerage, real estate brokerage, [and] mortgage lending services" on November 23, 2004.

9. The PTO granted Homes for Heroes a registered trademark (No. 4379639) for the HOMES FOR HEROES design-plus-word mark, for "mortgage and title insurance brokerage, real estate brokerage, [and] mortgage lending services, directly and through a

network of affiliates" on August 6, 2013. The word element of this mark consists solely of the phrase "homes for heroes."

10. The PTO granted Homes for Heroes a registered trademark (No. 4379642) for the HOMES FOR HEROES design-plus-word mark, for "mortgage and title insurance brokerage, real estate brokerage, [and] mortgage lending services, directly and through a network of affiliates, and charitable purposes related thereto" on August 6, 2013. The word element of this mark consists solely of the phrase "homes for heroes."

11. The PTO granted Homes for Heroes a registered trademark (No. 4399086) for the HOMES FOR HEROES word mark, for "administration of a discount program for enabling participants to obtain discounts on goods and services through businesses and organizations offering savings to military members and veterans, peace officers, firefighters, and emergency medical technicians, and other community heroes, [etc.]" on September 10, 2013. The word element of this mark consists solely of the phrase "homes for heroes."

12. Homes for Heroes has continuously used HOMES FOR HEROES as a trademark since 2002. It has substantially invested in the HOMES FOR HEROES marks, using them to promote Homes for Heroes' business throughout the United States. Homes for Heroes currently has more than 1,900 affiliates that work under contract with Homes for Heroes in 48 states.

13. Through Homes for Heroes' real estate services program, Homes for Heroes affiliates offer community heroes discounts on various real estate and mortgage lending services when buying, selling, or refinancing a home.

14. Through its use of the original registered HOMES FOR HEROES word mark (No. 2904909) and subsequent registered marks (Reg. Nos. 4379639, 4379642, and 4399086), Homes for Heroes has received substantial recognition of its services to heroes and the public, and it has acquired valuable goodwill.

15. Homes for Heroes uses these four marks (hereinafter the HOMES FOR HEROES marks) to identify and promote its business. Homes for Heroes has a

substantial interest in maintaining the value of the HOMES FOR HEROES marks, and it has vigorously defended these marks and the reputation it acquired under these marks.

**B.    D&C Moore and the HOMES FOR OUR HEROES Marks**

16.    D&C Moore is a realty brokerage with a single office based in San Diego, California.

17.    On or around March 2016, D&C Moore started a program called Homes for Our Heroes.  On or after April 2016, D&C Moore began operating a Homes for Our Heroes website at www.sdhomesforourheroes.com.

18.    According to the Homes for Our Heroes website, the Homes for Our Heroes program "offers rebates and discounts to our every day heroes when buying, selling, or refinancing a home."

19.    The Homes for Our Heroes program offers services that are fully within the scope of the Homes for Heroes program.  Both programs offer heroes discounts and incentives when they use program-affiliated realtors for real estate transactions.

20.    D&C Moore uses the word mark HOMES FOR OUR HEROES and an associated word-plus-design mark, prominently featuring the phrase HOMES FOR OUR HEROES!, to market and advertise the Homes for Our Heroes program to homebuyers (collectively the HOMES FOR OUR HEROES marks).

21.    The HOMES FOR OUR HEROES marks fully incorporate all the words in the HOMES FOR HEROES marks.

22.    When the HOMES FOR OUR HEROES marks are spoken, the words FOR and OUR slur together and are not easily distinguished from one another, thus making the HOMES FOR OUR HEROES mark sound like HOMES FOR HEROES.

23.    The HOMES FOR HEROES and HOMES FOR OUR HEROES marks both indicate access to homes for community heroes and thus are conceptually identical.

24.    Both D&C Moore and Homes for Heroes use internet websites as a primary means for marketing their respective hero programs.  Both D&C Moore and Homes for Heroes maintain Facebook pages for their respective hero programs.

25. Consumers have expressed actual confusion between Homes for Heroes' HOMES FOR HEROES marks and D&C Moore's HOMES FOR OUR HEROES mark.

   a. Shortly after D&C Moore formed the Homes for Our Heroes program, in July 2016, Homes for Heroes received multiple contacts from a hero who believed that Moore & Sons' Homes for Our Heroes program was affiliated with Homes for Heroes.

   b. On the Homes for Our Heroes website on November 1, 2011, the leading hero testimonial from "the Browne Family" confuses HOMES FOR HEROES and HOMES FOR OUR HEROES: "If you qualify for the Homes for Heroes Programs—it is truly amazing." *See* Exhibit A (Homes for Our Heroes!, "Here is what our Heroes Have to Say," at http://www.sdhomesforourheroes.com/testimonials).

26. By selecting the HOMES FOR OUR HEROES marks, D&C fostered confusion between HOMES FOR HEROES and HOMES FOR OUR HEROES.

   a. Homes for Heroes initially alerted D&C Moore to its infringement of the HOMES FOR HEROES marks by e-mail on June 22, 2016. After repeated e-mails, D&C Moore continued its use of the HOMES FOR OUR HEROES marks.

   b. Through its counsel, Homes for Heroes sent D&C Moore a cease and desist letter on July 28, 2016 and made further inquiries regarding this letter in August 2016. Notwithstanding these communications, D&C Moore continued its use of the HOMES FOR OUR HEROES marks.

   c. According to cached versions of the Homes for Our Heroes website retrieved from Google, D&C Moore embedded the HOMES FOR HEROES mark as a tag in the website metadata until at least August 24, 2016. Through the embedded tag, D&C Moore distorted internet search results, by redirecting consumers who were seeking Homes for Heroes to the Homes for Our Heroes program.

27. D&C Moore applied for registration of its HOMES FOR OUR HEROES! word-plus-design mark, for "real estate agency services," with the PTO on July 1, 2016.

    a. Because this application occurred after the June 22 e-mail D&C Moore received from Homes for Heroes, D&C submitted this application with full knowledge of the HOMES FOR HEROES marks.

    b. The proposed mark consists of the text HOMES FOR OUR HEROES! in black, superimposed over a stylized image of a U.S. flag, with eight silhouettes of heroes below. The words "homes for our heroes" form the dominant portion of the mark and make the primary commercial impression with consumers.

    c. In an office action on October 13, 2016, the PTO found a likelihood of confusion between the HOMES FOR OUR HEROES! mark and three of the HOMES FOR HEROES marks. Based on the likelihood of confusion and formal defects in the trademark application, the PTO issued an initial refusal of the trademark application.

## C. Confusion and Exploitation of the HOMES FOR HEROES Marks

28. Homes for Heroes carefully controls the use of the HOMES FOR HEROES marks in order to ensure that it makes a consistent and positive impression on consumers.

29. Homes for Heroes cannot control D&C Moore's use of the HOMES FOR OUR HEROES marks, and therefore, is unable to ensure that D&C Moore is making a consistent and positive impression on consumers.

30. Because D&C Moore has fully incorporated the HOMES FOR HEROES mark into its HOMES FOR OUR HEROES mark, and because D&C Moore operates a program virtually indistinguishable from the Homes for Heroes program, consumers are likely to confuse source, sponsorship, affiliation, and connection between D&C Moore and Homes for Heroes.

31. D&C Moore intended to trade on the valuable reputation and goodwill of the HOMES FOR HEROES marks by using a substantially identical mark fully incorporating the words "homes for heroes."

32. D&C Moore intended to trade of the valuable reputation and goodwill of the HOMES FOR HEROES marks by using the phrase "homes for heroes" as a tag in its website metadata.

33. D&C Moore targets the same consumers as Homes for Heroes for real estate services: community heroes who want to buy, sell, or refinance a home.

34. D&C Moore's continued use of the HOMES FOR OUR HEROES marks has caused actual consumer confusion and is likely to cause future confusion by leading consumers to falsely believe D&C Moore is in some way sponsored by, affiliated with, or connected to Homes for Heroes.

35. D&C Moore's continued use of the HOMES FOR OUR HEROES marks has caused and is causing Homes for Heroes irreparable harm. To the extent the public develops negative beliefs about D&C Moore or its Homes for Our Heroes program, consumers may mistakenly impute such beliefs to Homes for Heroes, causing Homes for Heroes to suffer harm to its reputation and goodwill.

36. D&C Moore intentionally used the HOMES FOR OUR HEROES mark in bad faith in order to trade on Homes for Heroes' hard-earned goodwill and reputation and to confuse and mislead the public.

37. D&C Moore intentionally used the HOMES FOR OUR HEROES mark in order to mislead consumers into believing its services actually originated from or were affiliated with Homes for Heroes.

**Count I: Federal Trademark Infringement**

**Likelihood of Mistake, Confusion, or Deception**

38. Homes for Heroes incorporates by reference the prior paragraphs of this complaint.

39. Homes for Heroes' registrations of the HOMES FOR HEROES marks are conclusive evidence of Homes for Heroes' ownership of those marks and its exclusive right to use those marks in its operations.

40. D&C Moore is not authorized to use the HOMES FOR HEROES marks; any confusingly similar marks; or any mark that implies or represents any connection, sponsorship, or association with Homes for Heroes.

41. By using the HOMES FOR OUR HEROES marks for business operations that are substantially identical to those offered under the HOMES FOR HEROES marks, D&C Moore causes a likelihood of confusion, mistake, or deception with the HOMES FOR HEROES marks, which constitutes trademark infringement in violation of 15 U.S.C. § 1114(1).

42. Because of D&C Moore's knowing, deliberate, and willful infringement of the HOMES FOR HEROES marks, Homes for Heroes has suffered and will continue to suffer irreparable harm to its business, reputation, and goodwill.

43. Homes for Heroes accordingly demands judgment against D&C Moore for compensatory damages, injunctive relief, and any other remedies authorized by law.

## Count II: Federal Trademark Infringement
## False Designation of Origin

44. Homes for Heroes incorporates by reference the prior paragraphs of this complaint.

45. Through its continuous use of the HOMES FOR HEROES mark on its own and through its network of authorized affiliates, Homes for Heroes is identified as the sole source of services provided under the HOMES FOR HEROES marks.

46. Through its work identifying, marketing, and promoting qualified affiliates in the field of real estate and mortgage lending services, the HOMES FOR HEROES marks are associated with Homes for Heroes and its positive reputation in the delivery of real estate and mortgage lending services to community heroes.

47. D&C Moore is not authorized to use the HOMES FOR HEROES marks; any confusingly similar marks; or any mark that implies or represents any connection, sponsorship, or association with Homes for Heroes.

48. By using the HOMES FOR OUR HEROES marks in connection with real estate services, D&C Moore has caused and is likely to cause confusion, mistake, and deception as to source, origin, sponsorship, or affiliation of services from C&D Moore and Homes for Heroes, which constitutes trademark infringement in violation of 15 U.S.C. § 1125(a).

49. Because of D&C Moore's knowing, deliberate, and willful infringement of the HOMES FOR HEROES marks, Homes for Heroes has suffered and will continue to suffer irreparable harm to its business, reputation, and goodwill.

50. Homes for Heroes accordingly demands judgment against D&C Moore for compensatory damages, injunctive relief, and any other remedies authorized by law.

**Count III: Violation of California Business & Professions Code § 17200 et seq.**
**Unfair Business Practices**

51. Homes for Heroes incorporates by reference the prior paragraphs of this complaint.

52. Homes for Heroes' registrations of the HOMES FOR HEROES marks are conclusive evidence of Homes for Heroes' ownership of those marks and its exclusive right to use those marks in its operations.

53. D&C Moore is not authorized to use the HOMES FOR HEROES marks; any confusingly similar marks; or any mark that implies or represents any connection, sponsorship, or association with Homes for Heroes.

54. By using the HOMES FOR OUR HEROES marks for business operations that are substantially identical to those offered under the HOMES FOR HEROES marks, D&C Moore has committed unlawful, unfair, deceptive, and fraudulent business practices in violation of Cal. Bus. & Prof. Code § 17200 et seq.

55. Through its unlawful business practices, D&C Moore has engaged in unfair competition and unlawful business practices that present an ongoing threat of misleading or deceiving consumers.

56. Through its unlawful business practices, D&C Moore is causing dilution of the distinctive qualities of the HOMES FOR HEROES marks.

57. Homes for Heroes accordingly demands judgment against D&C Moore for injunctive relief and any other remedies authorized by law.

### Count IV: Common-Law Unfair Competition

58. Homes for Heroes incorporates by reference the prior paragraphs of this complaint.

59. Homes for Heroes' registrations of the HOMES FOR HEROES marks are conclusive evidence of Homes for Heroes' ownership of those marks and its exclusive right to use those marks in its operations.

60. D&C Moore is not authorized to use the HOMES FOR HEROES marks; any confusingly similar marks; or any mark that implies or represents any connection, sponsorship, or association with Homes for Heroes.

61. By using the HOMES FOR OUR HEROES marks for business operations that are substantially identical to those offered under the HOMES FOR HEROES marks, D&C Moore has engaged in unfair competition.

62. By using the HOMES FOR OUR HEROES marks to misrepresent the origin of its services and induce consumers to believe that its services actually originate from, or are authorized by, Homes for Heroes, D&C Moore has engaged in unfair competition.

63. Through its adoption of the HOMES FOR OUR HEROES mark and its use and exploitation of the HOMES FOR HEROES mark, D&C Moore engaged in malicious, fraudulent, and oppressive conduct.

64. Homes for Heroes accordingly demands judgment against D&C Moore for compensatory damages, punitive damages, injunctive relief, and any other remedies authorized by law.

## PRAYER FOR RELIEF

WHEREFORE Homes for Heroes prays for relief and requests entry of judgment against D&C Moore as follows:

A. Declaring that D&C Moore's HOMES FOR OUR HEROES marks infringe the HOMES FOR HEROES marks.

B. Granting Homes for Heroes a preliminary and permanent injunction against D&C Moore and its directors, officers, agents, and employees forbidding (i) its use of the HOMES FOR HEROES marks; (ii) its use of any marks confusingly similar to the HOMES FOR HEROES marks, including but not limited to the HOMES FOR OUR HEROES marks; and (iii) the use or incorporation of the HOMES FOR OUR HEROES marks in web domain names, websites, webpages, or electronic communications.

C. Awarding Homes for Heroes compensatory and/or punitive damages, with interest as applicable, in an amount to be determined at trial.

D. Awarding Homes for Heroes disgorgement and/or restitution of profits C&D Moore received through use or exploitation of the HOMES FOR HEROES marks and any confusingly similar marks.

E. Awarding Homes for Heroes attorney fees and costs to the extent allowed by law.

F. Granting any other further relief as may be appropriate and just.

## DEMAND FOR JURY TRIAL

Homes for Heroes demands trial by jury of any and all claims and issues in this action subject to trial by jury.

[*SIGNATURE PAGE FOLLOWS*]

Dated this 7th day of November, 2016.    Respectfully submitted,

**s/ Rebecca A Peterson**
Rebecca A. Peterson (CA BAR 241858)
David W. Asp (*pro hac vice to be submitted*)
Scott Moriarity (*pro hac vice to be submitted*)
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
rapeterson@locklaw.com
dwasp@locklaw.com
samoriarity@locklaw.com
612-339-6900

ATTORNEYS FOR PLAINTIFF
HOMES FOR HEROES, INC.